# IN THE COURT OF APPEALS OF IOWA

No. 16-1858
Filed February 8, 2017

**IN THE INTEREST OF A.W. and M.W.,**
**Minor children,**

**K.W., Father,**
         Appellant.

_____

Appeal from the Iowa District Court for Page County, Amy L. Zacharias, District Associate Judge.

A father appeals the finding his children are in need of assistance. **AFFIRMED.**

Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Vicki R. Danley, Sidney, guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

A father appeals the juvenile court's determination his two children are in need of assistance.

## I.      Background Facts and Proceedings

A.W., born 2010, and M.W., born 2005, came to the attention of the Iowa Department of Human Services (DHS) in April 2016 upon allegations their father had physically abused M.W. by striking him in the arm with a closed fist, leaving a large bruise.  In July, A.W. reported the father had kicked her in the shin hard enough to cause her to fall backwards to the cement and leaving a sizable hematoma.  Each child confirmed the other's rendition of what happened.  The injuries, both visible for several days, were also observed by the child protective worker assigned to the case.  Initially, the father admitted striking M.W. twice but took issue with some of the details the children provided.  He claimed he struck M.W. for disciplinary and safety reasons and the incident involving A.W. was accidental.  Ultimately, the DHS concluded the allegations of physical abuse were founded but judged the children as low risk for future abuse.[1]

On July 13, 2016, the State filed a petition alleging the children were in need of assistance pursuant to Iowa Code section 232.2(6)(b) and (c)(2) (2016). The juvenile court, after reviewing each child's video-taped interviews, found them to be credible and their recitation of the incidences consistent.  The court found the father's renditions not plausible and that he attempted to minimize

---

[1] Following the incident involving M.W., law enforcement was called, and the father was charged with child endangerment.

each incident. Accordingly, the court adjudicated the children as children in need of assistance pursuant to Iowa Code section 232.2(6)(b). The father appeals.

## II.      Standard of Review

This court reviews the record de novo, giving weight to but not being bound by the findings of the lower court. *In re D.S.*, 563 N.W.2d 12, 14 (Iowa Ct. App. 1997).

## III.      Adjudication

The father asserts the juvenile court erred in adjudicating the children as children in need of assistance. Specifically, he claims he did not abuse his children because he used reasonable force in the incident involving M.W. and A.W.'s injuries were accidental.

Iowa Code section 232.2(6)(b) partially defines "child in need of assistance" as a child "[w]hose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child." Our case law clearly states that in Iowa parents have the right to use corporal punishment as a means of correcting their children's misbehavior. *State v. Arnold*, 543 N.W.2d 600, 603 (Iowa 1996). However, that right is circumscribed by the requirements of moderation and reasonableness. *Id.* Therefore, any corrective measures must be aimed at modifying the behavior of the child rather than satisfying the passions of an enraged parent. *Id.*

In this case, we agree with the juvenile court the forced used against M.W. was not a reasonable corrective measure aimed at modifying the child's behavior. *See id.* The injury was observed by the DHS, and the father does not

dispute that he struck M.W; he only disputes the details surrounding the incident. We defer to the juvenile court's credibility determinations and are persuaded by the court's analysis of the father's explanation for striking M.W.:

> The Court does not find [the father's] explanation of what happened to be plausible. Hitting a child hard enough to leave a bruise with a car door open is not an action that would keep a child from falling out of a car. In fact, it would seem the opposite would be true— punching a child that hard would push the child towards the open car door.

Because we agree with the juvenile court's assessment of the incident involving M.W., we reject the father's claim that he used reasonable force to correct M.W.'s behavior.

We also concur with the juvenile court's analysis regarding the injury to A.W. Both children testified that the father kicked A.W. and they could not provide an explanation as to why he may have done so. The juvenile court found them credible. We agree the children's explanation was both the first and most consistent explanation of A.W.'s injury and again defer to the juvenile court's credibility findings.[2]

## IV.    Conclusion

Because we conclude the State proved by clear and convincing evidence the children were in need of assistance pursuant to Iowa Code section 232.2(6)(b), we affirm the juvenile court.

**AFFIRMED.**

---

[2] We also reject the father's claim that A.W.'s injury did not amount to a physical injury under Iowa law. *See In re B.B.*, 598 N.W.2d 312, 314, 315–16 (Iowa Ct. App. 1999) (finding physical injury when children suffered bruises and lacerations that were visible for several days).